Missy Leflar, Director Human Resources Department City of Fayetteville
113 West Mountain Fayetteville, Arkansas 72701
Dear Ms. Leflar:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007), for my opinion regarding the propriety of your provisional decision not to release to a newspaper requested information relating to the termination from employment of two individuals who formerly worked for the City of Fayetteville Fire Department. Specifically, you report that the newspaper has requested "[a]ll information related to suspension, termination or employment status of those individuals, including: e-mails, texts, phone records, and written communications." You have also apparently determined in response to the request of one of the terminated employees for access to his own personnel file that you should redact the names of employees who submitted witness statements that may have formed a basis for the terminations.
As an initial matter, I must respectfully decline to answer the three specific questions you have posed at the end of your request. My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian is consistent with the FOIA. Strictly speaking, I am not authorized or required to answer specific questions posed by custodians. See Ops. Att'y Gen. Nos. 2009-078 and 2005-268. I will therefore state my opinion without responding specifically to the three direct questions you have posed. *Page 2 
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Because your request involves the performance and discipline of city employees, I believe the requested documents are clearly "public records" under the definition set forth above. However, the FOIA provides for certain exemptions from disclosure, the most pertinent being that set forth at A.C.A. § 25-19-105(c)(1), which exempts from disclosure under specified circumstances employee evaluations and job performance records. "Employee evaluation or job performance records" are releasable only if certain conditions have been met. Subsection 25-19-105(c)(1) of the Code provides in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The FOIA does not define the term "employee evaluation or job performance records" as used in A.C.A. § 25-19-105(c), nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident *Page 3 
or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos. 2008-004; 2007-225; 2006-111; 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Ark. Op. Att'y Gen. No. 2008-004; 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 196.
The FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra at 207 (footnotes omitted); Op. Att'y Gen. No. 2009-095. Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") However, the existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances. In this *Page 4 
regard, I should note that all three of the factors set forth above need not necessarily be met in order to trigger an obligation to disclose certain records. Again, as custodian, you must consider the factual context giving rise to the dismissal in determining whether the FOIA mandates producing the records.
With respect to one of the former employees at issue in your request, you note that the time to file an administrative appeal of the termination decision has not run. Given this fact, it would appear that the first prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1) has not been met, and accordingly no records relating in any way to the termination would appear to be currently subject to disclosure to anyone other than the subject of the request, including any witness statements of any nature. Moreover, even assuming any avenue of administrative appeal had been waived or exhausted — a condition that has apparently not been met — I would be unable to review your determination regarding application of the remaining two prongs of the test given that I have not been provided with any of the documentation or background information that led to the termination. Your request contains various characterizations regarding this employee's rank in the Fire Department's hierarchy and the reportedly minor nature of the infractions that led to his dismissal. However, in the absence of documentation, I have no way of testing any of these characterizations by applying the Watkins/Peltz factors discussed above. I can only note that I concur in your conclusion that you, as the custodian of records, are obliged to consider the factors addressed above, which you have recited in some detail in your request itself.
To elaborate on the Watkins/Peltz criteria, I must note that you have not specified the nature of the infraction that led to the termination. You have, however, suggested that the infraction did not compromise the public trust or involve gross incompetence. It is further unclear whether the conduct that led to dismissal has generated any public controversy related to the Fire Department or its employees. Regarding the third prong of the test set forth above, you indicate that the discharged employee was in a supervisory position at the time of his dismissal, although he was slated to change to a non-supervisory training job. It is my understanding that the employee was not in a supervisory position over the other subject of your request. Although I lack the records to confirm these characterizations, assuming that they are correct, your decision to withhold the records might well be warranted even if no avenue of administrative appeal were to remain open. *Page 5 
With respect to the second subject of the FOIA request, there appears to be no issue as to the pendency of any administrative appeal; apparently, either the time for appeal has run or the appeal was unsuccessful. If such is the case, the first prong of the test for disclosure will have been met. However, with respect to the remaining two prongs of the test set forth in A.C.A. § 25-19-105(c)(1), you have again offered only various characterizations regarding the subject's rank in the Fire Department hierarchy and the reportedly minor, non-public nature of the infraction(s) that led to her dismissal. As with the first subject of your request, in the absence of documentation regarding the dismissal, I am not situated to test the propriety of your decision to decline to disclose the requested records. I can only remark that your summary of the standard you applied in making your provisional determination regarding disclosure accords with the FOIA as interpreted by this office and the academic commentators recited above.
Finally, you have asked whether the names of employees who provided witness statements contained within the file of one of the subjects of your request should be redacted before producing the file for the former employee's inspection. The Code clearly directs that "[a]ny personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative. A.C.A. § 25-19-105(c)(2). However, as you note in your request, this office has opined that the names of other individuals mentioned in these records may be subject to redaction. Specifically, as I observed in Op. Att'y Gen. No 2008-044:
 Another matter to be addressed involves your suggestion that the internal investigation records may mention employees or citizens who were not the subject of the investigation. As to any such named employees, I believe the records may also be the employees' "personnel records," in addition to being the "evaluation or job performance records" of the employees involved in the incident(s) who were the subject of the investigation.[1] If the custodian . . . *Page 6 
determines that release of the records would constitute a clearly unwarranted invasion of privacy as to the employees who are mentioned but who were not the subject of the investigation, the records in my opinion should nevertheless be disclosed after redacting such employees' names. At least one of my predecessors and I have reached a similar conclusion under comparable scenarios. See Op. Att'y Gen. 2007-206, citing Op. Att'y Gen. Nos. 2002-237 (investigative report, which was the employee evaluation or job performance record of employee being investigated and personnel record of other employees mentioned therein, should be redacted to remove private personal information of other employees that would give rise to a clearly unwarranted invasion of personal privacy), and 2002-055 (investigative records pertaining to one employee and referencing other employees, constituted the personnel records of other employees and the other employees' names should be redacted where release would constitute a clearly unwarranted invasion of personal privacy).
As to any citizens mentioned in the internal investigation records who are not, and were not at the relevant time, employees of the city, these individuals could possibly have a constitutional privacy interest in such references. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of LittleRock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the *Page 7 
information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. It has been stated in this regard that:
 Only information that is extremely personal in nature is likely to satisfy the third prong of the McCambridge test. As the U.S. Court of Appeals for the Eighth Circuit has observed, the constitutional right to privacy extends "only to highly personal matters representing the most intimate aspects of human affairs." The information must be such that its disclosure would be "either a shocking degradation or an egregious humiliation of [the individual] to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information."
Watkins Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, at 243-244 (footnotes omitted), quoting Eagle v. Morgan,88 F.3d 620 (8th Cir. 1996) and Alexander v. Peffer,993 F.2d 1348 (8th Cir. 1993); and citing Sheets v. Salt LakeCounty, 45 F.3d 1383 (10th Cir. 1995) and Walls v. City ofPetersberg, 895 F.2d 188 (4th Cir. 1990).
The question of whether information is protectable under the constitutional right of privacy is one of fact that must be determined in the first instance by the custodian of the records, on the basis of the facts of the case. If the custodian of the records determines factually that the records contain constitutionally protectable information (i.e., information that meets the three prongs of the test laid out by the McCambridge court), the custodian must then consider whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their nondisclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If it is determined factually that the privacy interest prevails, the references to these non-employees should be redacted before the records are released
Again, not being in possession of the records, I can do no more than articulate the standard that you should apply in making your determination. Based upon your relatively extensive request, you appear to be well aware of the terms of this standard. *Page 8 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] Under the FOIA, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd ed., 1998), at 134.
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).